**Raphael and Claudia RAMIREZ, Appellants–Plaintiffs,**

v.

**AMERICAN FAMILY MUTUAL INSURANCE COMPANY, and Allen R. Collicott, Appellees–Defendants.**

No. 79A02–9311–CV–605.

Court of Appeals of Indiana.

Jan. 30, 1995.

Publication Ordered June 29, 1995.

Marshall R. Crawford, Lafayette, for appellants.

Michael J. Stapleton, Cheryl M. Knodle, Ball, Eggleston, Blumbleburg & McBride, Lafayette, for appellees.

## OPINION

KIRSCH, Judge.

Raphael and Claudia Ramirez appeal the trial court's determination that their property damage claim was excluded from coverage under an insurance policy issued by American Family Mutual Insurance Company and sold by Allen R. Collicott. The Ramirezes raise the following issues which we restate for our review as:

I. Whether an ambiguity regarding their insurance coverage exists to preclude the entry of summary judgment.

II. Whether the Ramirezes' loss is included in the scope of their insurance policy's coverage.

III. Whether equitable principles warrant extending the scope of the insurance policy's coverage.

We affirm.

## FACTS

In October 1990, Claudia met with Collicott, an American Family representative, to discuss purchasing a renter's insurance policy. Claudia told Collicott that she wanted "everything covered." Collicott gave Claudia a brochure which contained the heading "Gold Star Policy" and which stated that such policy "is the finest renters protection [American Family] offers." The brochure listed the specific events triggering coverage under the policy, and contained the following disclaimer: "This circular presents only a brief description of coverage, and is not a contract. Please see the actual policy for exact coverages and exclusions." *Record* at 223. This disclaimer appears at the bottom of the list of triggering events and is inside a box, setting it apart from the rest of the material on the page. Collicott then completed an application for insurance coverage based upon Claudia's verbal responses to questions contained in the application.

American Family subsequently issued an insurance policy entitled "Indiana Homeowners Policy—Renters Form 4." The policy's declaration page listed Gold Star Homeowner as an additional endorsement. A copy of the policy was sent to the Ramirezes, but neither Claudia nor Raphael could recall having read it.

During the effective dates of the policy, a severe ice storm struck the area in which the Ramirezes lived. The storm resulted in a power outage which caused the Ramirez's sump pump to stop working. Consequently, water normally removed by the sump pump accumulated in the Ramirez's basement and caused damage to their personal property stored there.

The Ramirezes submitted a claim to American Family seeking reimbursement for the value of their lost property. American Family denied the claim based upon a policy provision excluding coverage for damages resulting from the failure of a sump pump. The Ramirezes subsequently instituted the present action seeking a money judgment for their property damage and various other items of damage.

American Family and Collicott sought summary judgment, claiming there was no coverage for the Ramirez's claim. After the summary judgment motion was filed, the Ramirezes amended their complaint to add allegations of fraud and bad faith and a request for punitive damages. The Ramirezes then filed a cross-motion for summary judgment on the coverage issue. The trial court ultimately granted summary judgment in favor of American Family and Collicott on the coverage issue. The Ramirezes appeal.

## DISCUSSION AND DECISION

Before addressing the Ramirezes' substantive claims, we first observe that there is no final appealable order before this court. The trial court entered summary judgment upon

only the coverage issue, leaving the bad faith and fraud claims pending. A summary judgment upon less than all claims is interlocutory, unless the trial court in writing expressly determines that there is no just reason for delay and in writing expressly directs entry of judgment as to less than all the claims. Ind.Trial Rule 56(C). The trial court made no such written expressions here, thus making its summary judgment finding interlocutory, rather than final. Ind.Trial Rule 54(B).

Ordinarily, an appeal from an interlocutory order must be pursued in compliance with Ind.Appellate Rule 4(B)(6), which the Ramirezes did not do.[1] Nonetheless, we have the discretion to pass upon those adjudicated issues that are severable without prejudice to the parties. Ind.Appellate Rule 4(E); *In re Kirkendall* (1994), Ind.App., 642 N.E.2d 548, 550 n. 2. The coverage issue here may be severed from the fraud and bad faith claims without prejudice to the parties. Hence, we exercise our discretion to consider the merits of this appeal.

When reviewing a decision on a summary judgment motion, this court applies the same standard as the trial court. *Selleck v. Westfield Ins. Co.* (1993), Ind.App., 617 N.E.2d 968, 970, *trans. denied.* Summary judgment shall be granted if the designated evidentiary matter demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Ind.Trial Rule 56(C); *Indiana Dep't of Pub. Welfare v. Murphy* (1993), Ind.App., 608 N.E.2d 1000, 1002. All facts and reasonable inferences must be construed against the moving party. *Indiana Bd. of Pub. Welfare v. Tioga Pines Living Center, Inc.* (1993), Ind., 622 N.E.2d 935, 940, *cert. denied,* — U.S. —, 114 S.Ct. 1302, 127 L.Ed.2d 654 (1994). We will affirm a summary judgment ruling on any legal theory which is consistent with the designated evidence in the record. *Valley*

*Fed. Sav. Bank v. Anderson* (1993), Ind.App., 612 N.E.2d 1099, 1102.

Contracts of insurance are subject to the same rules of construction as are other contracts; construction of a written contract is a question of law for which summary judgment is particularly appropriate. *Terre Haute First Nat'l Bank v. Pacific Employers Ins. Co.* (1993), Ind.App., 634 N.E.2d 1336, 1337. Summary judgment based upon an insurance contract is a legal determination that the contract is unambiguous and that the rules of contract construction need not be employed to ascertain the contract's meaning. *Id.* An unambiguous insurance policy must be enforced according to its terms, even those terms that limit an insurer's liability. *Selleck,* 617 N.E.2d at 970. An insurance contract will be deemed ambiguous only if reasonable people upon reading the contract would differ as to the meaning of its terms. *Meridian Mut. Ins. Co. v. Cox* (1989), Ind.App., 541 N.E.2d 959, 961, *trans. denied.* An ambiguity is not established by the mere existence of a controversy or by the parties' differing interpretations of the contract terms. *Id.*

## I. Existence of Ambiguity

The Ramirezes claim that an ambiguity arises from a discrepancy in the title used to refer to their policy. The brochure refers to a "Gold Star Policy" while the actual policy is titled "Indiana Homeowners Policy—Renters Form 4." The Ramirezes assert that this discrepancy means that there were two different insurance policies providing different coverage. They argue that as a result, a genuine issue of material fact exists regarding which policy was issued to them.

There is nothing in the record to substantiate the Ramirezes' claim that a separate "Gold Star Policy" existed. Rather, the record reflects that the "Gold Star Policy" and the policy issued to the Ramirezes are the same instrument. The brochure carrying

---

1. We also direct Appellants' counsel's attention to the following Rules of Appellate Procedure: Ind.Appellate Rule 7.1(A) requires that the covers of a multiple volume record indicate the page numbers contained in each volume. This rule also requires that the record be placed in an "appropriate" cover. Ind.Appellate Rule 8.2(A)(2) requires that briefs be bound in either book or pamphlet form along the left margin. A brief bound at the top does not comply with this rule. Ind.Appellate Rule 8.3(A)(4) requires that the Statement of the Case set forth a verbatim statement of the judgment.

the "Gold Star Policy" title lists several covered perils with each peril described in written form and by a pictorial illustration. These same perils are listed in the policy under the section entitled "Perils Insured Against," and appear in the same order as in the brochure.[2] Further, the policy contains a Gold Star Endorsement suggesting that the term Gold Star is a part of, rather than separate from, the policy. Finally, the brochure containing the term Gold Star unequivocally states that it is not a contract and that the actual policy should be consulted to determine coverage and exclusions.

Reasonable people having read both the brochure and the policy would not differ as to the meaning of each. Those reasonable people would determine, as do we, that only one policy of insurance exists and there is no separate Gold Star Policy providing potential coverage for the Ramirezes' loss. The Ramirezes have failed to establish the existence of an ambiguity in this regard.

■■ Furthermore, the Ramirezes have failed to establish any conflict between the brochure and the policy that would entitle them to broader coverage. *See Palsce v. Guarantee Trust Life Ins. Co.* (1992), Ind. App., 588 N.E.2d 525 (when conflict exists between the provisions of a brochure and the provisions of the policy, insurer is held to the broader coverage provisions in the brochure), *trans. denied.* The brochure at issue here does not represent that it covers damages resulting from the failure of a sump pump. Thus, the policy's exclusion of such damages does not conflict with the brochure, and the exclusion is enforceable.

■■■ The Ramirezes also claim that an ambiguity arises out of notations Collicott made on American Family's copy of the insurance application that do not appear on the Ramirezes' copy of the application. A fact is material for summary judgment purposes if it helps prove or disprove an essential element of the plaintiff's cause of action. *Delk v. Board of Commr's of Delaware County* (1987), Ind.App., 503 N.E.2d 436, 438. The

Ramirezes have failed to establish how any of the extra markings on American Family's copy of the insurance application tend to prove or disprove their entitlement to coverage under the policy. The Ramirezes have failed to establish the existence of an ambiguity in this regard as well.

## II. Scope of Coverage

American Family denied the Ramirezes' claim based upon the following exclusionary language contained in the policy:

> "We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.
>
> . . . .
>
> 3. **Water Damage,** meaning:
>
> . . . .
>
> b. water from any source which backs up through sewers or drains, or water which enters into and overflows from within a sump pump, sump pump well or other type system designed to remove subsurface water which is drained from the foundation area; or
>
> c. regardless of its source, water below the surface of the ground. This includes water which exerts pressure on or flows, seeps or leaks through any part of a building or other structure, sidewalk, driveway or swimming pool."

*Record* at 21.

■■ The terms of a clear and unambiguous insurance policy must be given their plain and ordinary meaning. *City of Muncie v. United Nat'l Ins. Co.* (1991), Ind.App., 564 N.E.2d 979, 982. The language of an insurance policy must be reasonably construed so that coverage is not found unless the language of the policy admits liability. *Id.* "An insurance company is free to limit its liability in any manner not inconsistent with public policy, and an unambiguous exclusionary clause is ordinarily entitled to construction and enforcement." *Id.*

---

**2.** The policy also covers damages resulting from volcanic eruption, a peril not listed in the bro-

chure.

In an attempt to avoid the exclusion, the Ramirezes contend that a genuine issue of material fact exists regarding the proximate cause of their property loss. More specifically, they assert that their loss was caused by the weight of ice that had accumulated on power lines resulting in a power outage, a peril covered by the policy, rather than by the failure of their sump pump, a peril specifically excluded by the policy.

The Ramirezes' contention necessarily fails in light of the clear and unambiguous language of the exclusion. The exclusion unequivocally states that loss resulting from sump pump failure is not covered "regardless of any other cause or event contributing concurrently or in any sequence to the loss." Thus, the fact that the sump pump failure was preceded by a power outage resulting from the accumulation of ice on the power lines does not remove the Ramirezes' claim from this exclusion. Their claim falls squarely within the exclusion, and thus, summary judgment in American Family's and Collicott's favor on the coverage issue was proper.

### III. Equitable Principles

Despite the clear terms of the policy, the Ramirezes contend that equity demands extending coverage to include their loss. Their argument rests upon four theories: 1) Formation of the contract was marked by procedural unconscionability; 2) Collicott breached a fiduciary duty to procure insurance; 3) They had an express and implied expectation of insurance coverage for their loss; and 4) American Family paid the claims of other similarly situated insureds.

The first three of the Ramirezes' theories are not severable from the remaining fraud and bad faith claims. Representations made or not made and beliefs instilled or not instilled during the application process have a direct bearing on whether fraud or bad faith occurred. Consequently, we may not address the first three theories without resulting prejudice to the parties, and thus, we refuse to exercise the discretion afforded us under App.R. 4(E).

With respect to the fourth theory, the Ramirezes limit their appellate argument to whether the trial court erred in denying their motion to compel production of certain documents. In order to prove their allegation that American Family paid other insureds' claims arising out of the same ice storm, the Ramirezes sought discovery of documents relating to those alleged claims. American Family objected to the request, claiming that the documents were privileged, not relevant to the Ramirezes' claim, not likely to lead to the discovery of relevant evidence, and that the request was generally burdensome and oppressive.

Both the Ramirezes' discovery request and motion to compel were filed and disposed of prior to the filing of their amended complaint. Coverage was the only issue raised in the original complaint, and thus, was the only issue connected with the discovery dispute.

Ind.Trial Rule 26(B)(1) governs the scope of discovery and provides in pertinent part that: "Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject-matter involved in the pending action. . . ." The trial court has broad discretion in ruling upon discovery matters, and we will interfere with such rulings only upon a demonstration of abuse of that discretion. *State v. Hogan* (1992), Ind. App., 588 N.E.2d 560, 562, *trans. denied.* Initially, the trial court must determine whether the information requested is relevant to the issues being tried. *Schierenberg v. Howell–Baldwin* (1991), Ind.App., 571 N.E.2d 335, 337.[3] If the information is deemed relevant, then the trial court must next determine whether a privilege exists to protect the information from discovery. *Id.*

The information sought in the discovery request is not relevant to the coverage issue. Insurance coverage is a legal question based upon the terms of the underlying insurance

---

**3.** We note that one of the holdings of *Schierenberg* is that Ind.Appellate Rule 4(B)(1) permits a party to appeal a discovery order by right, without obtaining the certification required of interlocutory orders under App.R. 4(B)(6). This proposition was overruled by *State v. Hogan* (1991), Ind., 582 N.E.2d 824, in which our supreme court held that a discovery order is appealable only under App.R. 4(B)(6). Although the Ramirezes failed to obtain the necessary certification, we again exercise the discretion afforded us under App.R. 4(E) to decide this issue.

contract. *Terre Haute First Nat'l Bank v. Pacific Employers Ins. Co.*, 634 N.E.2d at 1337. The Ramirezes and American Family were the only parties to the insurance contract at issue here. Information regarding other claims made by other insureds under other contracts is not relevant to the coverage afforded under the Ramirezes' insurance policy. The trial court did not abuse its discretion by denying the Ramirezes' motion to compel.

Affirmed.

FRIEDLANDER and DARDEN, JJ., concur.

### ORDER

This Court having heretofore handed down its opinion in this appeal marked "Memorandum Decision, Not for Publication"; and

The appellee American Family Mutual Insurance Company, by counsel, having thereafter filed its Motion to Publish Opinion alleging therein that this appeal concerns issues regarding the existence of ambiguity that may be created by brochures as it relates to insurance coverage and prayed the Court to order the decision published; and

The Court having voted to grant the appellee's Motion to Publish Opinion, thereafter issued its order requiring the appellants to show cause, within fifteen (15) days from the date of that Order why this Court's opinion previously handed down as a "Memorandum Decision, Not for Publication" should not now be ordered published or in the event they failed to respond to said order that their acquiescence to said Order to Publish would be presumed; and

The appellants having failed to file a response to the show cause order, the Court now finds that the Motion to Publish Opinion should be granted and that this Court's opinion in this appeal should now be ordered published.

IT IS THEREFORE ORDERED as follows:

1. The Motion to Publish Opinion filed by the appellee American Family Mutual Insurance Company is granted and this Court's opinion heretofore handed down in this cause marked "Memorandum Decision, Not for Publication" is now ordered published.