**Elizabeth ORRELL, Appellant–Plaintiff,**

v.

**Barbara Ann GREEN and Ace Usa Corporation, Appellees–Defendants.**

**No. 84A01–0504–CV–160.**

Court of Appeals of Indiana.

Sept. 28, 2005.

Eric A. Frey, John P. Nichols, Anderson Frey & Nichols, Terre Haute, IN, for Appellant.

Phillip E. Stephenson, Spitzer Herriman Stephenson, Holderead Musser & Conner, LLP, Marion, IN, for Appellees.

## OPINION

BAKER, Judge.

Appellant-plaintiff Elizabeth Orrell appeals the trial court's grant of summary judgment in favor of appellee-defendant Ace USA Corporation (Ace) with regard to a traffic accident.[1] Specifically, Orrell contends that the City of Terre Haute's (City) uninsured motorist insurance policy is ambiguous. Finding that Orrell was not covered by the uninsured motorist policy, we affirm the judgment of the trial court.

### FACTS

The parties stipulated to the following relevant facts. On January 22, 2003, Or-

rell was employed by the City's Police Department as a crossing guard. During the course of her duties that day, Orrell was struck and seriously injured by a vehicle driven by Barbara Ann Green, an uninsured motorist. Orrell was a pedestrian at the time of the accident. Ace provided insurance coverage to the City, which included uninsured motorist coverage. The uninsured motorist provision states in relevant part:

B. WHO IS AN INSURED

    1) You.

    2) If you are an individual, any "family member."

    3) Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto." The covered "auto" must be out of service because of its breakdown, repair, servicing, loss or destruction.

    4) Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured."

Appellee's App. p. 23–24. "Occupying" is defined as "in, upon, getting in, on, out or off." Appellee's App. p. 25. As it is used throughout the Automobile policy, the terms "you" and "your" refer to the City. Appellee's App. p. 7, 12.

On December 16, 2003, Orrell filed a complaint against Green, Indiana Municipal Insurance Program, and Hylant Administrative Services, Inc. for damages stemming from the accident. On January 12, 2004, Orrell amended her original complaint to include Ace as a defendant. On October 13, 2004, Ace, Indiana Municipal, and Hylant moved for summary judgment, arguing that Orrell was not an insured for purposes of the uninsured motorist cover-

---

1.  Barbara Ann Green was not a party to the summary judgment motion, and thus is not a party to this appeal.

age. The parties stipulated that Hylant was not a proper defendant because it only provided administrative services for Ace and did not issue the policy. Thereafter, the trial court conducted a hearing on the motion for summary judgment. On February 25, 2005, the trial court granted the defendants' motion, finding that Orrell was not an insured for purposes of the uninsured motorist coverage and that to find otherwise "would require any insurance policy providing liability coverage (such as a homeowner's policy) to offer the insured uninsured/underinsured motorist coverage. This is surely not the legislature's intent with respect to I.C. 27–7–5–2."[2] Appellant's App. p. 7. Orrell now appeals.

## DISCUSSION AND DECISION

Orrell argues that the trial court must be reversed because the City's insurance policy is ambiguous. Specifically, Orrell asserts that she falls under the definition of "you" because it is ambiguous, so that the term must be resolved against Ace as the drafter of the contract.

Upon reviewing the granting of summary judgment, we use the same standard of review as the trial court. Summary judgment is appropriate only where the evidence shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Poznanski v. Horvath*, 788 N.E.2d 1255, 1258 (Ind.2003). We will construe all facts and reasonable inferences in favor of the non-moving party. *Troxel v. Troxel*, 737 N.E.2d 745, 748 (Ind.2000). The review of a summary judgment motion is limited to those materials designated to the trial court. *Id.* Absent any genuine issue of material fact, we will affirm summary judgment based upon any legal theory supported by the record. *Weida v. Dow-*

den, 664 N.E.2d 742, 747 (Ind.Ct.App. 1996). Though summary judgment is clothed with a presumption of validity, "[t]he trial court's determination will be 'carefully scrutinized on appeal' to assure that the non-prevailing party is not improperly prevented from having his day in court." *Ind. Dep't of State Revenue v. Caylor–Nickel Clinic, P.C.*, 587 N.E.2d 1311, 1313 (Ind.1992).

■ Here, inasmuch as the parties stipulated to all the relevant facts, we are faced with a pure question of law. The issue is essentially a question of contract construction, which is particularly appropriate for summary judgment. *Ramirez v. Am. Family Mut. Ins. Co.*, 652 N.E.2d 511, 514 (Ind.Ct.App.1995). Insurance policies are contracts that are subject to the same rules of construction as are other contracts. *Amerisure, Inc. v. Wurster Constr. Co. Inc.*, 818 N.E.2d 998, 1001 (Ind.Ct.App.2004).

When the language of an insurance contract is clear and unambiguous, we will assign to the language its plain and ordinary meaning. An insurance policy that is unambiguous must be enforced according to its terms, even those terms that limit an insurer's liability. Thus, we may not extend insurance coverage beyond that provided by the unambiguous language in the contract. Moreover, insurers have the right to limit their coverage of risks and, therefore, their liability by imposing exceptions, conditions, and exclusions. However, to be enforced, these limitations must be clearly expressed and must be consistent with public policy.

An insurance contract will be deemed ambiguous only if reasonable people would honestly differ as to the meaning

2. This section requires insurers to make available, in each automobile liability or motor vehicle liability policy sold in Indiana uninsured and underinsured motorist coverages.

of its terms. However, an insurance contract is not regarded as ambiguous simply because controversy exists, and the parties have asserted contrary interpretations of the language of the contract. We also note that where provisions limiting or excluding coverage are ambiguous, they are to be construed in favor of the insured in order to further the basic purpose of indemnity.

*Id.* at 1001–02 (citations omitted).

The Declarations pages of the insurance policy that Ace provided to the City list five different types of coverages: property, additional property, liability, automobile, and crime. Appellee's App. p. 7–8. The Governmental Automobile Declarations Page goes on to state, "This [sic] Declarations and the forms and endorsements attached to them provide you with Automobile insurance coverage. Although they are attached to a package policy, they are independent of that policy. None of the package policy's terms apply to your automobile insurance EXCEPT the provisions on cancellation." Appellee's App. p. 10.

The automobile policy defines the words "you" and "your" to mean the covered entity shown in the Declarations—the City. Appellee's App. p. 7, 12. The uninsured motorist provision covers "you." Appellee's App. p. 23–24. Orrell contends that she is covered by the word "you" in the uninsured motorist provision because in the Governmental General Liability Coverage Form, the terms "you" and "your" refer to the City and any other person qualifying as a covered individual. Appellant's App. p. 101. A covered individual includes the City's employees while they are acting within the scope of their duty. Appellant's App. p. 104. The Law Enforcement Liability Coverage Form also defines "you" and "your" in the same way. Appellant's App. p. 108–09. Be that as it

may, the Automobile policy clearly states in the Declarations section that none of the terms of the other policies apply to the Automobile policy except for the provisions on cancellation. Appellee's App. p. 10. As such, we cannot look outside the Automobile policy for a broader definition of "you" and "your." Because the Automobile policy defines "you" and "your" to mean the City and nothing more, Orrell does not qualify as an insured under this provision.

Moreover, Orrell does not qualify as an insured under the other definitions in the uninsured motorist coverage. The City is not an individual, so the second definition does not apply. The parties stipulated that Orrell was not getting in, on, out, or off of any automobile at the time of the accident, so she was not "occupying" a vehicle as required by the third definition. Appellee's App. p. 2, 24. Nor is Orrell entitled to recover damages for bodily injury sustained by another insured, as the final definition requires.

In sum, Orrell was not an insured within the meaning of the uninsured motorist policy. This does not mean that Orrell is entirely without remedy. Because it appears that she was injured by an accident arising out of and in the course of her employment, she may apply for Worker's Compensation benefits. Ind.Code § 22–3–2–2(a). But she may not recover from Ace under this insurance policy.

The judgment of the trial court is affirmed.

RILEY, J., and MATHIAS, J., concur.