Aaron P. WELLS, Ernest C. Snider, Burce C. Snider, and Margaret L. Snider, individually and as Partners of Snider Farms, Whose True Name is Unknown, Appellants–Defendants,

v.

AUTO OWNERS INSURANCE COMPANY, Appellee–Plaintiff.

No. 88A04–0606–CV–288.

Court of Appeals of Indiana.

April 16, 2007.

Rodney L. Scott, New Albany, IN, Attorney for Appellants.

William J. Beggs, Holly M. Harvey, Bloomington, IN, Attorneys for Appellee.

**OPINION**

HOFFMAN, Senior Judge.

Defendant–Appellant Aaron P. Wells ("Wells"), Ernest C. Snider, Bruce C. Sni-

der, and Margaret L. Snider ("the Sniders"), individually and as partners of Snider Farms, appeal from the trial court's order granting summary judgment in favor of Appellee–Plaintiff Auto Owners Insurance Company ("Auto Owners") in a declaratory judgment action filed by Auto Owners to determine the availability of liability coverage to the Sniders. We affirm.

The facts that were before the trial court on this motion for summary judgment reveal that on August 27, 2003, Christopher Walton ("Walton") was operating a motorcycle on Hitchcock Road, a public road, in Washington County, Indiana, when he was struck by a vehicle operated by Wells. Walton died as a result of the collision. Wells has not asserted a bodily injury claim in relation to the collision.

Wells was employed by the Sniders at the time of the collision. The vehicle involved in the collision was a 1992 pick-up truck owned by Snider Farms and insured by an automobile insurance policy. Walton's Estate filed a separate action against Wells and the Sniders arising out of the collision. In that complaint, Walton's Estate alleges negligence against Wells, negligent entrustment, and negligent hiring, supervising, and retaining of an employee against the Sniders. Walton's Estate also alleges that Wells had been consuming alcohol on the date of the collision. There is no evidence that the Sniders were aware of Wells' alcohol consumption, if, in fact, Wells had consumed alcohol on the day of the collision.

Among other insurance policies, a farm policy of insurance ("the Farm Policy"), issued by Auto Owners, and owned by the Sniders, was in effect on the date of the collision. The Sniders claimed, in their answers to interrogatories, that the Farm Policy provided coverage for the claims

asserted by Walton's Estate. The Farm Policy contains several exclusions, one of which Auto Owners contended was dispositive, exclusion 1(b).

On September 27, 2004, Auto Owners filed a complaint for Declaratory Judgment seeking a determination of coverage under the Farm Policy for the Sniders against the claims asserted by Walton's Estate. Walton's Estate was allowed to intervene in the action. Auto Owners filed a motion for summary judgment on July 29, 2005. Walton's Estate filed its response to Auto Owners' motion for summary judgment on September 22, 2005. The Sniders filed their response to Auto Owners' motion for summary judgment on September 29, 2005. The trial court held a hearing on the motion on January 16, 2006, and took the matter under advisement. The parties filed proposed findings of fact and conclusions of law. The trial court entered its order on summary judgment on April 25, 2006, finding that the terms of the Farm Policy excluded coverage for the underlying claims in the action by Walton's Estate against Wells and the Sniders. This appeal from that order on summary judgment ensued.

When reviewing the grant or denial of a summary judgment motion, the same legal standard is applied here as in the trial court. *Mattingly v. Warrick County Drainage Bd.,* 743 N.E.2d 1245, 1247 (Ind. Ct.App.2001). This court stated in *Little Beverage Co., Inc. v. DePrez,* 777 N.E.2d 74, 77–78 (Ind.Ct.App.2002):

> [S]ummary judgment is appropriate when no designated genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law.... A party appealing the denial of summary judgment carries the burden of persuading this court that the trial court's decision was erroneous. The movant must demonstrate the absence

of any genuine issue of fact as to a determinative issue and only then is the non-movant required to come forward with contrary evidence. This court may not search the entire record but may only consider the evidence that has been specifically designated. All pleadings, affidavits, and testimony are construed liberally and in a light most favorable to the nonmoving party.

(citations omitted).

Contracts of insurance are subject to the same rules of construction as are other contracts; construction of a written contract is a question of law for which summary judgment is particularly appropriate. *Jackson v. Jones,* 804 N.E.2d 155, 158 (Ind.Ct.App.2004). Summary judgment based on an insurance contract is a legal determination that the contract is unambiguous and that the rules of contract construction need not be employed to ascertain the contract's meaning. *Id.*

An unambiguous insurance policy must be enforced according to its terms, even those terms that limit an insurer's liability. *Id.* An insurance contract will be deemed ambiguous only if reasonable people upon reading the contract would differ as to the meaning of its terms. *Id.* Moreover, the proper interpretation of an insurance policy, even if it is ambiguous, generally presents a question of law that is appropriate for summary judgment. *Id.*

In the present case, the legal issue to be determined is the applicability of an exclusionary clause. Insurers are free to limit coverage; however, all exceptions, limitations, and exclusions must be plainly expressed. *Id.* An exclusionary clause must clearly and unmistakably express the particular act or omission that will bring the exclusion into play. *Id.*

The Farm Policy provided coverage as follows:

Section II, Personal Liability Protection, Coverage G

All sums which an insured person becomes legally obligated to pay as damages because of bodily injury, personal injury (libel, slander, false arrest, malicious prosecution or false imprisonment) or property damage covered by this policy.

Appellant's App. p. 53. The Exclusion and exception to the exclusion at issue in this case is as follows:

> Under Personal Liability Coverage and Medical Payments to Others Coverage we do not cover: 1. Bodily injury or property damage arising out of the ownership, maintenance, or the use of: (b) any motorized land vehicle designed for travel on public roads or subject to motor vehicle registration. We do cover a motorized land vehicle used exclusively or kept in dead storage on the insured premises; or not owned or operated by or rented or loaned to an insured person; ... This exclusion does not apply to bodily injury to any residence employee or insured farm employee arising out of or in the course of employment by an insured person.

Appellant's App. p. 54–55.

The Farm Policy defines:

> an "insured person" as "you" and if "you" are a partnership or joint venture, (1) your employees, but only while acting within the scope of their duties as employees of yours; (2) your partners and members but only with respect to the conducting of the business of the partnership or joint venture.

Appellant's App. p. 59. "You" is defined as "the person or organization named in the Declarations." Appellant's App. p. 38. The persons named in the Declarations are the Sniders. Appellant's App. p. 45–49.

Auto Owners argued at the trial court level, and now here, that the motor vehicle exclusion language quoted above bars coverage. The Sniders argued at the trial court level, and now here, that the Farm Policy provided coverage for liability incurred by Wells in connection with the collision with, and death of, Walton. They argued that the exception to the exclusion at issue applied to allow coverage.

In *Nationwide Mutual Insurance Companies v. Lagodinski,* 683 N.W.2d 903 (N.D.2004), Lagodinski owned a farming operation and employed seasonal employees. One of his employees was driving Lagodinski's Kenworth tractor/trailer to transport water and chemicals from the farmstead to the fields by way of a public highway when he collided with the driver of a motorcycle. The driver of the motorcycle sued Lagodinski alleging negligence under respondeat superior. Lagodinski's tractor/trailer was not insured and was not a registered motor vehicle. Lagodinski claimed that the farm policy he purchased from Nationwide should provide coverage.

The farm policy at issue contained language similar to the exclusion and exception to exclusion language at issue in the case at bar. Lagodinski argued that he had made enough adaptations to the tractor/trailer that it was no longer a motor vehicle, but was farm equipment. He argued that the exception to the exclusion applied to allowed coverage.

The Supreme Court of North Dakota found that the motor vehicle exclusion to the farm policy applied. *Id.* at 908. The semi-tractor/trailer was designed for travel on public roads. The vehicle was being used off the farm premises, was not adapted exclusively for farm purposes, and was subject to motor vehicle registration under North Dakota statute. The vehicle was not designed for and primarily used as a farm implement. The primary purpose of the design of the tractor/trailer was to haul cargo for long distances. The use of the

vehicle made it subject to motor vehicle registration requirements. Therefore, the motor vehicle use exclusion to the farm policy excluded coverage in that case.

The same result obtains here. The trial court relied in part upon the decision in *Scherschligt v. Empire Fire & Marine Ins. Co.*, 662 F.2d 470 (8th Cir.1981). In *Scherschligt*, Hansen, a farmer, was towing an old pickup truck from his farm to its purchaser. The pickup slipped its tow and collided with the Scherschligts' vehicle. Mrs. Scherschligt was seriously injured in the collision. Hansen had an auto liability policy with limits of $15,000.00 and a farm policy with coverage of up to $200,000.00. The Scherschligts pursued Hansen's farm policy carrier alleging that the hitch used to tow the farm implement, the pickup truck, was negligently constructed on the farm premises. The Eighth Circuit upheld the district court's judgment finding that there was no coverage under the farm policy because the accident occurred away from the farm premises while Hansen was using his automobile. 662 F.2d at 473.

Applying the case law and the policy language to the facts in the case at bar, we find that the trial court did not err by finding that the motor vehicle exclusion applied. The truck was a motor vehicle designed and used for travel on public roads. The pickup was, in fact, a registered vehicle. The pickup truck was not kept in dead storage or used exclusively on the Snider Farms premises. Wells did not claim any bodily injury as a result of the accident. Walton, who did have bodily injury, was not an employee of Snider Farms. Therefore, the exception to the exclusion did not apply. The trial court did not err by finding and concluding that the motor vehicle use exclusion to the farm policy excluded coverage.

Next, Wells and the Sniders argue that the negligent hiring, entrustment, and supervision claims are covered by the Farm Policy and that the trial court erred by holding otherwise.

Panels of this court have held that there is no coverage for negligent supervision, *see Illinois Farmers Ins. Co. v. Wiegand*, 808 N.E.2d 180, 191 (Ind.Ct.App.2004), or for negligent hiring, *see Wright v. American States Ins. Co.*, 765 N.E.2d 690, 697 (Ind.Ct.App.2002), under policies containing motor vehicle use exclusions, where the immediate and efficient cause of the injury is the use of the vehicle. Although the policies in *Wright* and *Wiegand* both make specific reference to entrustment in the exclusion section, thus barring coverage, the same result should be reached here. There can be no doubt that but for the negligent use of the pickup truck there would be no lawsuit. The trial court correctly found that the Farm Policy did not provide coverage for the additional claims alleged against Wells and the Sniders.

During the summary judgment hearing, the attorney for Walton's Estate alluded to potential confusion between the Sniders and their insurance agent regarding the extent of the coverage provided by the Farm Policy. However, other than the few paragraphs of reference to that subject in the opening and reply briefs in this case, the parties focused on the applicability of exclusion 1(b) to the facts in the present case. The parties asked the trial court to enter a judgment on that subject, which the trial court did. Therefore, we do not pass on this subject here. The matter was never fully developed before the trial court or here.

The trial court is affirmed.

FRIEDLANDER, J., and ROBB, J., concur.